UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERNELL L. BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BATON ROUGE POLICE DEPARTMENT, TROY LAWRENCE, JR., in his individual capacity, MATTHEW WALLACE, in his individual capacity, UNKNOWN FEMALE OFFICER, in her individual capacity, MURPHY PAUL, in his individual and official capacities, CITY OF BATON ROUGE, and PARISH OF EAST BATON ROUGE.<br><br>　　　　Defendants. | No. 23-cv-1313-JWD-EWD |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE'S
MOTION TO STAY**

**COME NOW**, Plaintiff, Ternell Brown, who respectfully submits her Response in Opposition to Defendant City of Baton Rouge/Parish of East Baton Rouge's ("Defendant City-Parish" or "City-Parish") Motion to Stay (Dkt. #14) as follows.

1. On September 18, 2023, Plaintiff filed her Complaint in this matter. *See* Dkt. #1. Plaintiff' claims arise from Defendants' actions on June 10, 2023.

2. On November 22, 2023, Defendant City-Parish filed its Motion to Stay. *See* Dkt. #14. In its Motion, the City-Parish seeks a *global stay* of this proceeding "until the conclusion of the ongoing federal investigation of the Baton Rouge Police Department by the U.S. Attorney's Office for the Middle District of Louisiana." *Id.* (emphasis added). This represents an important alteration

from a nearly identical motion that the Defendant City-Parish recently filed in another case, where Defendant City-Parish claimed (without support) that there was an "ongoing federal criminal investigation." *See* Def. Mtn. to Stay, Dkt. #9, *Chavis v. Lawrence*, Case No. 23-cv-1129-SDD-RLB (M.D.La.). The City-Parish offers no explanation for its new understanding of the nature of the investigation (if any) in this pleading.

3. As an initial matter, Defendant's Motion cites no evidence, even in the form of an attorney declaration, to support the contention that federal authorities are conducting an investigation relevant to this lawsuit. Likewise, the motion offers no details as to what substantively is being investigated or who specifically is being investigated, nor does the motion provide any other supporting materials.

4. Defendant's Motion also mischaracterizes Plaintiff's position. As communicated to Defendant's counsel on November 16, 2023:

> Michael:
>
> Regarding the stay, If the City/Parish provides us the slightest modicum of information about the scope or nature of the supposed federal investigation—perhaps a declaration of some sort from one of the individuals you've spoken to—we're open to consenting. Let us know.

*See* Ex. A. Rather than providing additional information, the City-Parish simply filed its application for a stay without further contact.

5. Plaintiff has good reason to believe there is no meaningful federal investigation ongoing, either into the subject-matter of this lawsuit or the subject-matter of lawsuits filed by individuals taken to "the BRAVE Cave." Indeed, while the U.S. Attorney's Office's purported investigation is nearly two months old, nobody from the U.S. Attorney's Office for the Middle District of Louisiana has made any effort to contact Plaintiff or her attorneys; nor have they made any effort to contact other plaintiffs represented by the same attorneys. *See* Declaration of Thomas W.

2

Frampton. Several other lawsuits have been filed by other regarding "the BRAVE Cave" by plaintiffs represented by other counsel, and despite regular communication between undersigned counsel and the attorneys representing other parties, undersigned counsel is unaware of anyone who has been contacted by the U.S. Attorney's Office for the Middle District of Louisiana. *Id.*

6. Apart from the unsupported assertion that there is some kind of ongoing federal investigation that might touch upon the subject matter of this lawsuit, Defendant City-Parish makes no effort whatsoever to address the relevant stay factors. While Plaintiff addresses these factors, she maintains that the City-Parish has forfeited any argument that these factors militate in favor of the issuance of a stay (global or limited).

## LEGAL ANALYSIS

7. "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States v. Kordel*, 397 U.S. 1, 12 (1970). "In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome the presumption in its request for a stay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (citing *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)). "***It is the rule, rather than the exception that civil and criminal cases proceed together***." *Id.* (quoting *IBM v. Brown*, 857 F.Supp. 1384, 1387 (C.D. Cal. 1994)) (emphasis added). A complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an "extraordinary remedy." *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009)(citing *In re Piperi*, 137 B.R. 644, 646-47 (Bankr. S.D. Tex. 1991); *Weil v. Markowitz*, 829 F.2d 166, 174 (D.C. Cir. 1987); *Plumbers and Pipefitters*, 886 F.Supp. at 1139). Consequently, motions for a complete stay of a civil case in deference to concurrent criminal proceedings against one or more defendants are routinely denied in the Fifth Circuit. *See, e.g.*, *First Fin'l Group*, 659 F.2d at 666-69; *Whitfield v. Riley*, No. 09-1877, 2009 WL

3

1269243, at *1 (E.D. La. May 6, 2009); *see also*, *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2015 WL 13227930, at *5-9 (E.D. La. Dec. 4, 2015).

8. In determining whether a civil action should be stayed, a court considers the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest." *See United States ex rel. Bruno v. Schaeffer*, No. CV 16-1-BAJ-RLB, 2020 WL 1978365, at *1 (M.D. La. Apr. 24, 2020) (internal citation omitted). All six factors weigh against Defendant's Motion to Stay. While Defendant does not cite to or provide authority referencing these factors in its Motion, Plaintiff analyzes them, *infra.*

9. First, the "overlapping issues" factor weighs heavily against a stay because the movant has failed to adduce any evidence whatsoever of overlap. Whether or not Defendant Lawrence, Jr. will be a subject of a federal investigation, the burden rests with *the movant* (the City-Parish) to overcome the presumption in favor of discovery, and show that the criminal and civil issues overlap to an extent warranting a global stay of these civil proceedings. *U.S. ex rel. Gonzalez*, 571 F. Supp. 2d at 761. This has not been done in its Motion to Stay, and, in any event, the City-Parish as an entity does not face the possibility of criminal sanctions. Even if there is some ongoing federal investigation into "the BRAVE Cave," the connection to the specific subject-matter of Ms. Brown's claims is unknown and unknowable (at least, unless and until the Department of Justice seeks to intervene and request a stay, which it has not).

10. Second, it is undisputed that no federal criminal charges have been instituted. "Because of the prematurity of the Fifth Amendment concerns and the indefinite nature of a stay based on a pending indictment, among other reasons, the weight of authority suggests that a stay is generally

4

not appropriate before indictment." *U.S. ex rel. Shank v. Lewis Enterprises, Inc.*, No. CIV. 04-CV-4105-JPG, 2006 WL 1064072, at *3 (S.D. Ill. Apr. 21, 2006). Thus, even if it were undisputed that a Defendant was the subject of an overlapping investigation—and it is not—prior to any indictments, and especially without any showing of the aforesaid overlap of issues, the second factor weighs against a stay. *U.S. ex rel. Gonzalez*, 571 F. Supp. 2d at 763.

11. Third, Plaintiff has strong private interest in proceeding expeditiously, and will be prejudiced should the stay be granted. Plaintiff suffered her injuries many months ago, and as a member of the local community, she has a strong interest in the resolution of her claims as soon as can be appropriately accomplished. As the Fifth Circuit has held, "Justice delayed is justice denied." *Stelly v. C.I.R.*, 761 F.2d 1113, 1116 (5th Cir. 1985). And in the meanwhile, memories fade and evidence goes missing. This concern is not merely hypothetical: Defendant Troy Lawrence Jr.'s father (Defendant Troy Lawrence Sr.) was recently arrested by Defendant BRPD for destroying evidence of misconduct by colleagues of Defendant Troy Lawrence, Jr. *See* Scottie Hunter, *Warrants Issues for 4 BRPD Officers,* WAFB, available at: https://www.wafb.com/2023/09/28/i-team-warrants-issued-4-brpd-officers-3-custody/

12. Fourth, the private interest and burden of Defendant will not be severely affected by denying the Motion to Stay. Assuming that there is, in fact, some form of federal investigation, Defendant City-Parish is apparently already engaged in fact finding pursuant to complying with the U.S. Attorney's Office's authority. Fulfilling civil discovery in Plaintiff's suit will therefore pose little to no *additional* burden on Defendant. Further, "[a] party asserting prejudice to [their] Fifth Amendment right must demonstrate 'more than the mere possibility of prejudice.'" *U.S. ex rel. Gonzalez*, 571 F. Supp. 2d, at 764 (quoting *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990)). "The [movant] should at least be required to make ***a specific showing of the harm it will***

*suffer* without a stay and why other methods of protecting its interests are insufficient." *In re Ramu Corp.*, 903 F.2d at 320 (emphasis added). Defendant City-Parish has provided no showing whatsoever that any of its employees will seek to invoke their Fifth Amendment privilege for discovery in this case, or that it will burden the City-Parish or its employees at all. Plaintiff's municipal liability claims cannot be claimed to put *all* of the City's employees at risk of prejudicing their Fifth Amendment privilege, "[y]et 'it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege.'" *U.S. ex rel. Gonzalez*, 571 F. Supp. 2d at 764 (quoting *Shank*, 2006 WL 1064072, at *4).

13. Fifth, the Court's interest, respectfully, should weigh in favor of denying the Motion to Stay. Plaintiff's claims have been pending for months, and Plaintiff has not been able to conduct any discovery, let alone advance past the pleadings stage, in that time. An indefinite global stay of their case due to an unresolved (and perhaps non-existant) federal investigation of indeterminate scope or relevance to Plaintiff's case—which may not may not result in indictments—would be contrary to "prudent docket management." *U.S. ex rel. Westrick v. Second Chance*, No. CIV.A.04-280 (RWR), 2007 WL 1020808, at *3 (D.D.C. Mar. 31, 2007); *see also U.S. ex rel. Gonzalez*, 571 F. Supp. 2d at 765 ("Given the uncertainty as to whether Chavez will be indicted, there is a possibility that this action could be stayed for no reason.").

14. Sixth, and finally, the public interest weighs against a stay in civil proceedings. Notably, the Department of Justice has *not* intervened to request a stay (as it regularly does in this Circuit if necessary). News coverage of this suit and other suits referencing "the BRAVE Cave" have already served the public interest. Private complaints by citizens to the City-Parish and Defendant BRPD about these monstrous practices did nothing; it was only when plaintiffs filed civil lawsuits

under the Ku Klux Klan Act of 1871 that the City-Parish decided to shutter the torture warehouse, shut down the "Street Crimes Unit," and take legal action against problematic officers. *See* Amanda Holpuch, *Baton Rouge Officers Accused of Covering Up Excessive Force*, N.Y. TIMES, Oct. 1, 2023, at https://www.nytimes.com/2023/10/01/us/baton-rouge-police-brave-cave-charged.html. "The public interest in proceeding with an important civil enforcement matter that has already been filed seems to outweigh speculation about if and when an indictment will be returned." *U.S. ex rel. Westrick*, 2007 WL 1020808, at *3. No party is aware of the timeline of the purported federal investigation or its general aims. *Cf.* Order, Dkt. 33, *Upton v. Vicknair*, Case No. 21-cv-407-CJB-KWR (E.D.La. 2021) ("[T]he Court finds that such a stay would be untenable here because it would potentially last for over thirty years."). The possibility of indictments is therefore highly speculative, and cannot outweigh, at this stage, the important matters alleged in Plaintiff's Complaint. There is a plain and availing interest in the expeditious prosecution of Plaintiff's civil claims so the public can resolve issues regarding their local law enforcement entities and officers.

15. Here, a stay of the litigation for any period of time is not justified. The City-Parish has failed to demonstrate (let alone allege) any substantial prejudice, or explain how any of the six factors analyzed, *supra*, warrant a stay. And the interests of justice do not require a stay. Defendant City-Parish is not the only defendant in this case. Plaintiff should especially not be barred from conducting discovery into the policies and practices of the City of Baton Rouge Police Department. Defendant's Motion does not provide enough information about the investigation to even make a reasonable estimate as to when it will conclude and how any of the parties are expected to know if/when the investigation ends. Additionally, should the investigation result in criminal charges being filed against Lawrence, Jr. or any other officer/employee of Defendant City-Parish, Defendant will surely request a further stay pending its results. The passage of time prejudices

Plaintiff not only by delaying resolution of her claims, but even more so by its tendency to cause memories to fade or witnesses (or sometimes even documents or video) to become unavailable. If Lawrence, Jr. or any other officer/employee of the City wishes to invoke their Fifth Amendment rights during depositions, they are free to do so—to the extent they have not waived these rights on a particular subject during any other interview, interrogation or testimony in any other civil lawsuit or investigation. But, the City-Parish should not be permitted to indefinitely block discovery in this case and delay Plaintiff's day in court. Under the circumstances, the City-Parish is not entitled to the relief requested.

WHEREFORE, premises considered, Plaintiff respectfully requests that the Court deny Defendant City of Baton Rouge/Parish of East Baton Rouge's Motion to Stay.

Respectfully submitted,

s/ Thomas W. Frampton
Thomas W. Frampton (La. Bar No. 35775)
580 Massie Road
Charlottesville, VA 22903
(202) 352-8341
tframpton@law.virginia.edu

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Thomas Frampton

8