UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERNELL L. BROWN**                                  **CIVIL ACTION NO.**

**VERSUS**                                            **23-1313-JWD-EWD**

**BATON ROUGE POLICE DEPARTMENT, ET AL.**

**RULING AND ORDER**

Before the Court is a Motion to Stay Proceedings,[1] filed by Defendant City of Baton Rouge, Parish of East Baton Rouge ("City/Parish"). As consideration of the applicable factors weighs against a stay in this case at this time, the Motion to Stay will be denied.

### I. BACKGROUND

This is one of multiple cases pending in this Court involving actions allegedly taken by Baton Rouge Police Department ("BRPD") officers against citizens at a warehouse that was utilized by the BRPD Street Crimes Unit, referred to as the "BRAVE Cave." Plaintiff Ternell Brown ("Brown") alleges that she was taken to the warehouse on June 10, 2023 and forced to strip search to show officers that she was not hiding contraband after she was subject to a traffic stop and search that revealed several prescription bottles in Brown's possession. According to her allegations, after more than two hours, she was released without charges.[2]

Brown filed suit on September 18, 2023, alleging state and federal constitutional violations, *Monell* liability for the federal constitutional violations, and state law claims of battery, assault, intentional infliction of emotional distress, false imprisonment, and negligence. On November 22, 2023, the City/Parish filed the Motion to Stay.[3] As a basis for the stay, the City/Parish cites to the

---

[1] R. Doc. 14.
[2] R. Doc. 1, pp. 1-2.
[3] R. Doc. 14. In response to the Complaint, the City/Parish also filed a Motion to Dismiss; Alternatively for a More Definite Statement, which is pending. R. Doc. 19.

Court's discretionary authority to stay a civil action pending resolution of a parallel criminal proceeding. Although the City/Parish block quotes a case setting forth the factors to be considered when deciding whether to stay a case under such circumstances, there is no analysis of these factors. Instead, the City/Parish notes that the U.S. Attorney's Office for the Middle District of Louisiana issued a press release on September 25, 2023, stating that "it opened an investigation into BRPD and allegations that members of the department may have abused their authority."[4] The press release is not attached to the Motion to Stay. The City/Parish concludes that this case should be stayed in its entirety pending resolution of the ongoing federal criminal investigation.

The same day the Motion to Stay was filed, Brown filed her opposition memorandum.[5] Brown raises concerns about the lack of evidence to confirm that a federal criminal investigation is pending, then evaluates the factors to be considered when deciding whether a civil action should be stayed pending resolution of a criminal matter, finding that all factors weigh against a stay. In reply, the City/Parish addresses the applicable factors, arguing that a stay is appropriate.[6]

The Court held a video hearing on December 12, 2023 at which argument was presented.[7] On January 25, 2024, Brown also filed a Notice of Communications Regarding Motion to Stay, which attaches a Declaration of Plaintiff's counsel that an Assistant United States Attorney ("AUSA") provided information that the government is "not actively seeking a stay of the civil rights lawsuits."[8]

---

[4] R. Doc. 14-2, p. 2.
[5] R. Doc. 16.
[6] R. Doc. 36.
[7] R. Doc. 33.
[8] R. Docs. 42 and 42-1.

## II. LAW AND ANALYSIS

### A. There Is Sufficient Information Regarding an Ongoing Federal Criminal Investigation

Addressing Brown's first argument regarding a lack of information that there is an ongoing federal criminal investigation into the "BRAVE Cave," there is sufficient information to support such a finding. The Motion to Stay references a September 25, 2023 press release from the U.S. Attorney's Office for the Middle District of Louisiana stating that it had opened an investigation into BRPD related to the BRAVE Cave allegations. Counsel for the City/Parish and for Defendant former Police Chief Murphy Paul confirmed as officers of the court during the December 12, 2023 video hearing that they each had a separate, direct conversation with an AUSA in early to mid-November 2023, who acknowledged that a criminal investigation was ongoing at that time. Defendant Paul's counsel also confirmed that he had a conversation with East Baton Rouge Parish District Attorney Hillar Moore, who confirmed that his office is also investigating allegations regarding the "BRAVE Cave."[9] Even the recently-filed Declaration by Brown's counsel seems to suggest that there is a federal investigation underway by stating that the AUSA represented that the government would communicate with Brown "at an 'appropriate' time in the future."[10] Based on these representations by counsel, there is sufficient information to establish the fact of a federal criminal investigation related to the BRAVE Cave allegations.

### B. The City/Parish Has Not Shown that a Stay is Warranted at this Time

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[11] In determining whether a civil action should be stayed pending resolution of a criminal matter, a court

---

[9] R. Doc. 33, p. 2.
[10] R. Doc. 42-1, p. 2.
[11] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted).

generally considers the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the courts; and (6) the public interest.[12] The City/Parish, as the party seeking a discretionary stay, bears the burden of demonstrating that the stay is warranted.[13] This Court and others consider the similarity of the issues underlying the civil and criminal actions to be the most important factor in determining whether a stay is appropriate.[14]

The first two factors weigh against a stay. At this point, there is no criminal case of which this Court is aware regarding any individual's involvement in the "BRAVE Cave." "If criminal charges have not yet been filed, courts are often reluctant to grant a full stay unless there exist indicia that an indictment is inevitable, or unless special circumstances exist—including the extent of issue overlap in the cases, status of the cases, and private interests of the parties—that suggest a stay is necessary to avoid substantial and irreparable prejudice."[15] Here, there is no information that indictments are forthcoming at all, much less inevitable. Further, because no individuals have been criminally charged, it is not possible to compare the scope of any criminal matter with this

---

[12] *See SEC v. AmeriFirst Funding, Inc.*, No. 07-1188, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008) (citations omitted).
[13] *See Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983).
[14] *See Villani v. Devol,* No.15-852, 2016 WL 1383498, at *3 (M.D. La. April 7, 2016), citing *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008); *Aaron v. Illinois Nat. Ins. Co.,* Nos. 22-9/22-2070, 2022 WL 4311755, at *6 (E.D. La. Sept. 19, 2022, citing *Fed. Deposit Ins. Corp. v. Ernst & Young LLP,* No. 20-1259, 2020 WL 3960345, at *5 (E.D. La. July 13, 2020) (quoting *Dominguez,*530 F. Supp. 2d at 906–07)*; State Farm Lloyds v. Wood*, No. 06-503, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006) (citation omitted); *Dominguez*, 530 F.Supp.2d at 906-07, citing *Wood*, 2006 WL 3691115, at *2.
[15] *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 762 (W.D. Tex. 2008) (noting an inability to determine with specificity the degree of overlap between the civil action and pending criminal investigation because there was no indictment); *Dominguez*, 530 F.Supp.2d at 905.

civil case, and it does not appear (unsurprisingly) that the City/Parish is privy to sufficient information about the federal criminal investigation to provide this Court with enough information to determine the extent to which the issues in the criminal investigation and this civil case may overlap.[16]

Plaintiff relies on *United States ex rel. Bruno v. Schaeffer*,[17] in which this Court found, after analyzing the applicable factors, that a stay of the civil proceedings was warranted pending resolution of a related criminal case. Unlike the present case, the *Schaeffer* defendants' stay request was supported by an affidavit of counsel attesting to representations the trial attorney for the U.S. Department of Justice made to him, which confirmed the existence of a criminal investigation and established that the allegations raised in the criminal investigation were the same as those asserted in the civil litigation.[18] Here, there is no agreement of the parties or confirmation from the government regarding the nature or extent of any alleged overlap in the allegations.

The private interests of the parties weigh slightly in favor of denying a stay. In support of her interests, Brown argues a desire to have her claims resolved expeditiously and that, with time, there is a risk that evidence will be lost, citing as an example a news article indicating that Defendant Troy Lawrence, Jr.'s father was arrested by BRPD for destroying evidence of misconduct by Lawrence's colleagues.[19] With regard to defendants' interests, the City/Parish argues that the possibility individuals may assert Fifth Amendment privilege during discovery favors a stay. While it is true that every plaintiff has a general interest in proceeding expeditiously to case resolution, it is also likely that some individuals will attempt to assert a Fifth Amendment

---

[16] R. Doc. 36, p. 2 (noting that the September 25, 2023 press release states that the US Attorney's Office is unable to comment further as the investigation is ongoing).
[17] No. 16-1, 2020 WL 1978365 (M.D. La. April 24, 2020).
[18] *Id.* at *2 (noting "[a]ll parties agree that the criminal investigation forming the underlying request for a stay is based on the same alleged facts and circumstances surrounding the instant civil action.").
[19] R. Doc. 16, p. 5.

privilege in this case, which could limit fact discovery. An individual may invoke Fifth Amendment protections in a civil case when a party attempts to compel testimony that might incriminate—or lead to the incrimination of—the individual in a pending or impending criminal case.[20] However, an individual may not blanketly assert the privilege against self-incrimination,[21] and, if a Fifth Amendment privilege is invoked, there is also a means of challenging its applicability.[22] In other words, it is too soon to tell whether, and to what extent, invocation of the privilege may hamper discovery efforts in this case. There will also likely be discovery undertaken that would not necessarily implicate the Fifth Amendment, such as some written discovery or inspection of the warehouse. While there are means of preserving evidence, and a preservation order for the BRAVE Cave warehouse has been issued by this Court,[23] such an order cannot overcome risks to the warehouse that are, for example, weather or hazard related. Evaluation of these competing interests weighs slightly in favor of denying a stay.

The Court interest is neutral, largely because there is not enough information at this point to determine how thorny discovery in this case will be. Courts presiding over a civil proceeding that runs parallel to a criminal proceeding must exercise care to "avoid irreparably damaging a defendant's ability to receive a fair trial" and must not allow "liberal civil discovery procedures to be used as a 'back door' to access information beyond the reach of criminal discovery."[24] As noted

---

[20] *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).
[21] *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).
[22] *Sec. & Exch. Comm'n v. Farmer*, 560 Fed.Appx. 324, 327 (5th Cir. 2014) (explaining the judicial mechanism for challenging an assertion of the privilege against self-incrimination).
[23] *Jeremy Lee v. Troy Lawrence Jr., Matthew Wallace, Joseph Carboni, Murphy Paul, Baton Rouge Police Department, City of Baton Rouge, and Parish of East Baton Rouge*, Civ. Action No. 23-1229 (M.D. La.), R. Doc. 9.
[24] *See In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017, citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.") and *In re Eisenberg*, 654 F.2d 1107, 1113 (5th Cir. 1981) ("[L]iberal civil discovery procedures [are] not a 'back door' to information otherwise beyond reach under the criminal discovery rules.").

above, to the extent certain individuals assert a Fifth Amendment privilege, the Court may be called upon to determine the applicability of that privilege. The amount of judicial resources that will need to be expended addressing these issues, that would not be present if any related criminal proceedings were concluded, cannot be calculated at this time. However, the parties are reminded that the Court expects, and, indeed, insists, that they fully confer when disputes arise with every effort toward resolving those matters without court intervention, where possible.

The final factor—the public interest—weighs against a stay. As to this factor, the City/Parish asserts that, without a stay, discovery in this case may proceed out of order from the steps in the criminal investigation. This concern seems to be lessened by the Court's involvement, when necessary and appropriate, to ensure balance is maintained in the discovery process and by the information recently provided by Brown that the government, which is conducting a criminal investigation and seems to have the most interest in this issue outside the Court, is not seeking a stay of the civil cases pending resolution of the investigation.[25] Also, the allegations in this case involve serious constitutional violations by police officers, as well as allegations that law enforcement superiors turned a blind eye to such violations. If proven true, the public interest in such behavior is significant.

### III.   CONCLUSION

Considering the applicable factors, the City/Parish has not established that a stay is warranted at this time, where no criminal charges have been filed, there is no information regarding the nature or extent of the overlap with any federal criminal investigation, which impacts

---

[25] R. Doc. 42-1, pp. 1-2. Some courts have noted that "when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down." *See, e.g., S.E.C. v. Offill*, No. 07-1643, 2008 WL 958072, at **2-3 (N.D. Tex. April 9, 2008), citing Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F R.D. 201, 209–10 (1990); *see also Southeast Recovery Group, LLC v. BP America, Inc.*, 278 F.R.D. 162, 167 (E.D. La. 2012). Here, evidence has been provided that the government does not seek a stay of civil discovery at a time when its justification is, arguably, strongest.

7

consideration of the other factors, and the government entity conducting the investigation does not seek a stay. The denial is without prejudice to reurging a request for a stay, if appropriate, as additional information develops.

**IT IS ORDERED** that the Motion to Stay Proceedings,[26] filed by Defendant City of Baton Rouge, Parish of East Baton Rouge is **DENIED WITHOUT PREJUDICE** to reurging, if appropriate, as additional information develops.

Signed in Baton Rouge, Louisiana, on February 7, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 14.